1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

| KARRIEM B. SHAHEED, | ) | No. C 10-0141 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING COMPLAINT** |
| | ) | **WITHOUT PREJUDICE AS FILED IN** |
| vs. | ) | **ERROR AND INSTRUCTIONS TO** |
| | ) | **THE CLERK; NO FEE IS DUE** |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

14
15
16
17
18
19
20
21

**INTRODUCTION**

Petitioner, currently incarcerated by the State of California at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint apparently challenges certain aspects of Plaintiff's criminal trial. This order reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint as improperly filed as a civil rights case, instead of a petition for a writ of habeas corpus. In light of the error, the case is dismissed as filed in error and no fee is due.

22
23
24
25

**DISCUSSION**

Plaintiff's complaint is directed to the validity of the sentence imposed on him after a criminal trial in Alameda County in 1997. Plaintiff complains that the unlawful sentence should be declared null and void.

26
27
28

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claim

In this case, Plaintiff has sued the State of California under 42 U.S.C. § 1983. However, he has improperly filed his claim as a civil rights action.  A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983.  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  The opposite is not true, however:  a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement.  *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) (ADA claim); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).  In this case, it appears that the substance of Plaintiff's claim is an attack on the validity of his confinement such that it necessarily implies the invalidity of his continuing confinement.  To the extent that

2

Plaintiff seeks to challenge his conviction in this manner, the matter is DISMISSED without prejudice.  As such, the entire complaint fails to state a claim for relief and is dismissed.

### CONCLUSION

Based on the foregoing, this action is DISMISSED.  The Clerk of Court shall close the file, enter judgment in accordance with this order and send Plaintiff the Court's prisoner habeas corpus petition form.

IT IS SO ORDERED.

DATED:  January 22, 2010

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KARRIEM B. SHAHEED,

        Plaintiff,

  v.

CALIFORNIA STATE OF et al,

        Defendant.

_____/

Case Number: CV10-00141 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karriem B. Shaheed
H65017
San Quentin State Prison
San Quentin, CA 94974

Dated: January 22, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk